## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **SUSAN CLEAR DUNAWAY** | ) | **Case No. 3:21-bk-30226-SHB** |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| _____ | ) | |
| **M. AARON SPENCER, TRUSTEE,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Adv. No. _____** |
| **v.** | ) | |
| | ) | |
| **SUSAN CLEAR DUNAWAY, Debtor,** | ) | |
| **VARO BANK, N.A., a/k/a VARO** | ) | |
| **MONEY, INC., RAMIE PETERS, a/k/a** | ) | |
| **RAI PETERS, RAMIE ROBERTS, RAI** | ) | |
| **ROBERTS, RAMIE FREEMAN, ROBBI** | ) | |
| **FREEMAN, RAMIE MARSTON,** | ) | |
| **ROBBI MARSTON, ROBBI** | ) | |
| **GOLDMAN, ROBBI SIPLAK,** | ) | |
| **ROBBI STABLER, RAMIE BROWN,** | ) | |
| **and RAMIE FREEMAN-PETERS),** | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION AND FOR DAMAGES

Comes M. Aaron Spencer, Trustee, and sues the Debtor/Defendant, Susan Clear Dunaway (the "Debtor"), VARO BANK, N.A., also doing business as VARO Money, Inc. and Defendant Ramie Peters a/k/a Rai Peters, Ramie Roberts, Rai Roberts, Ramie Freeman, Robbi Freeman, Ramie Marston, Robbi Goldman, Robbi Siplak, Robbi Stabler, Ramie, Brown, and Ramie Freeman-Peters, pursuant to 11 U.S.C. §§ 542 and 548, Fed. R. Bankr. P. 7001(1), 7001(7), 7001(9), 7003 and 7065 and Fed. R. Civ. P. 65.

FILED

JUL 12 2021

U.S. BANKRUPTCY COURT
Knoxville, Tennessee

4836085.1

## JURISDICTION AND PARTIES

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding with the scope of 28 U.S.C. § 157(b)(2)(A),(E) and (H).

2.      Plaintiff, M. Aaron Spencer ("Trustee") was appointed and is serving as the Chapter 7 Trustee of the bankruptcy estate in the bankruptcy styled *In re: Susan Clear Dunaway,* Bank. Case No. 3:21-bk-30226-SHB.

3.      Defendant Susan Clear Dunaway is a resident of Knox County, Tennessee. Defendant Dunaway as the Debtor may be served with process at 5109 Papermill Dr., Knoxville, TN 37909, pursuant to the Federal Rule of Bankruptcy Procedure 7004(b)(9).

4.      Defendant Ramie Peters a/k/a Rai Peters, Ramie Roberts, Rai Roberts, Ramie Freeman, Robbi Freeman, Ramie Marston, Robbi Goldman, Robbi Siplak, Robbi Stabler, Ramie, Brown, and Ramie Freeman-Peters ("Defendant Peters") is a resident of Knox County, Tennessee. Upon information and belief, Defendant Peters may be served with process at 4605 Beaver Ridge Rd., Knoxville, TN 37931.

5.      Defendant, Varo Bank, N.A., a national banking association may be served with process through Colin Walsh, CEO and Co-Founder at its principal address located at 11781 S. Lone Peak Pkwy., Draper, UT 84020 pursuant to Fed. R. Bankr. P. 7004(h). Upon information and belief, Varo Bank also does business in the state of Tennessee as Varo Money, Inc. ("Varo Money") is a Delaware corporation, and in abundance of caution the Chapter 7 Trustee is serving Varo Money with process through is registered agent Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## FACTS

6.      The Debtor, Susan Clear Dunaway, filed a voluntary petition *pro se* under Chapter 7 of the Bankruptcy Code on February 11, 2021.

2

4836085.1

7.     M. Aaron Spencer was appointed Chapter 7 Trustee and currently serves in that capacity.

8.     The Debtor's son, Daniel Lee Stanfill, died on December 21, 2020.  A copy of the death certificate of Daniel Lee Stanfill is attached hereto as **Exhibit A**.

9.     Daniel Lee Stanfill had a life insurance policy through Northwestern Mutual.  The sole beneficiary of the life insurance policy is the Debtor.

10.     On December 31, 2020, a claim was made by or on behalf of the Debtor for the proceeds (the "Proceeds") of the Northwestern Mutual Life Insurance Policy (the "Policy").  A copy of the Claim form is attached hereto as **Exhibit B**.

11.     Northwestern Mutual subsequently distributed the funds pursuant to the instructions set forth on an electronically signed Electronic Funds Transfer Request form ("EFT Form").  A copy of the form is attached hereto as **Exhibit C**.

12.     The EFT Form purports to bear the electronic signature of the Debtor, listed as "Susan Renee Clear Dunaway."  The EFT further directs Northwestern Mutual to release the Proceeds to an account with an account number ending 7252 (the "Varo Account") at "Varo Vank" [sic] jointly owned by Debtor and Defendant Peters.  Based on the routing number on the EFT Form, the funds were transferred to Varo Bank.

13.     Upon information and belief, the Proceeds, in the amount of $24,145.36 were transferred by Northwestern Mutual into an account at Varo Bank jointly owned by the Debtor and Defendant Peters as reflected on **Exhibit C**.  A true and exact copy of the Settlement and Tax Information for Ms. Susan Dunaway from Northwestern Mutual is attached hereto as **Exhibit D**.

14.    The Trustee avers that the Proceeds are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

15.    Neither the Varo Bank account nor the Northwestern Mutual Life Insurance Policy were scheduled in the Debtor's Statement of Financial Affairs or mentioned elsewhere in the Bankruptcy Petition.

16.    When the Trustee inquired as to the life insurance proceeds, the Debtor testified at the continued 341 Meeting of Creditors held on June 15, 2021 that she was the beneficiary of the Policy, but she was unaware which financial institution was holding the funds.

17.    The Trustee avers that the transfer of the Proceeds into a jointly owned Varo Bank account was a fraudulent transfer pursuant to 11 U.S.C. § 548 perpetrated by the Debtor and/or Defendant Peters.

18.    The Trustee avers that immediate and irreparable injury, loss, or damage to the bankruptcy estate will occur unless the Proceeds are protected from withdrawal or use by the Debtor and Defendant Peters.

19.    The Trustee further avers that immediate and irreparable injury, loss or damage to the bankruptcy estate could occur if the Debtor or Defendant Peters learns of this action before the they are formally restrained from withdrawing or utilizing the funds in the Varo Account.

20.    The Trustee is without knowledge as to whether the proceeds remain in the Varo Account or if they have been withdrawn.  In either case, due to lack of information provided to the Trustee in regard to these funds, the Trustee avers it is critical that the funds in the Varo Account not be withdrawn by the Debtor or Defendant Peters until the court can determine that the funds are property of the bankruptcy estate.

4836085.1

## CAUSES OF ACTION

### That the Funds are Property of the Bankruptcy Estate

21.     The Trustee incorporates the factual allegations contained in the preceding paragraphs.

22.     The Debtor was the beneficiary under the Policy.

23.     Upon information and belief, the Debtor caused the Proceeds to be transferred to the Vero Account.

24.     Northwestern Mutual transferred the funds to the Varo Account pursuant to the EFT Form.

25.     At the filing of the bankruptcy proceeding, the Proceeds were the Debtor's funds and to the extent she transferred the funds to a joint account with Defendant Peters it would be a fraudulent conveyance.

26.     The Trustee requests that the Bankruptcy Court declare the funds are property of the bankruptcy estate.

### Temporary Restraining Order Against Varo Bank

27.     The Trustee incorporates the factual allegations contained in the preceding paragraphs.

28.     The Trustee seeks a temporary restraining order against Varo Bank pursuant to Fed. R. Bankr. P. 7065, Fed. R. Civ. P. 65, and 11 U.S.C. § 541.  Specifically, to the extent the Proceeds remain in the account at Varo Bank jointly owned by Debtor and Peters as reflected on **Exhibit C** or any other account at Varo Bank, the Trustee seeks an Order requiring Varo Bank to freeze the account and prevent the funds at issue, in the amount of $24,145.36, from being withdrawn.

4836085.1

29.     Fed. R. Bankr. P. 7065 provides that "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Fed. R. Bankr. P. 7065.

30.     The purpose of a preliminary injunction is simply to preserve the status quo. *Int'l Sec. Mgmt. Grp., Inc. v. Sawyer*, No. 3:06CV0456, 2006 WL 1638537, at *7 (M.D. Tenn. June 6, 2006). In determining whether a preliminary injunction should be granted, a Court must consider and balance the following factors: (i) the likelihood of success on the merits, (ii) the irreparable harm that could result if the injunction is not issued, (iii) the impact on the public interest, and (iv) the possibility of substantial harm to others. *AmeriGas Propane, Inc. v. Crook*, 844 F. Supp. 379, 384–85 (M.D. Tenn. 1993) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.1992); *In re DeLorean Motor Company*, 755 F.2d 1223, 1229 (6th Cir.1985) (stating that the four factors are to be balanced and are not prerequisites that must be met).

31.     The Trustee states that success on the merits is very likely as the Proceeds are property of the estate pursuant to 11 U.S.C. 541.

32.     Further, immediate and irreparable injury, loss, or damage to the bankruptcy estate will occur unless the Proceeds are immediately secured, protected from withdrawal, and turned over to the estate. This is evidenced by the Debtor's failure to schedule the life insurance proceeds, the Varo Account and stating she was unsure which financial institution was holding the funds. Furthermore, upon information and belief, the Proceeds were transferred to the Varo account for the purpose to hinder, delay or defraud the bankruptcy estate.

4836085.1

33.    Public interest is served in recovering the Proceeds and transferring them to the bankruptcy estate in accordance with the Bankruptcy Code for the benefit of the bankruptcy estate.

34.    There is no risk of harm to any party or non-party in freezing the funds in the Varo Account until notice and a hearing can be conducted, and thereafter transferring the funds to the bankruptcy estate.

35.    The Trustee states that if a delay occurs for notice and a hearing then the Debtor and/or Defendant Peters may withdraw the Proceeds from the Varo Account, which cause immediate and irreparable harm to the bankruptcy estate.

**Temporary Restraining Order Against Debtor and Defendant Peters**

36.    The Trustee incorporates the factual allegations contained in the preceding paragraphs.

37.    In addition to the temporary restraining order sought against Varo Bank as set forth hereinabove, the Trustee also seeks a temporary restraining order against Debtor and Defendant Peters ordering them to not withdraw the funds if they are in the Varo Bank account.

38.    The Trustee states that success on the merits is very likely as the Proceeds are surely property of the estate pursuant to 11 U.S.C. § 541.

39.    Further, immediate and irreparable injury, loss, or damage to the bankruptcy estate will occur unless the Proceeds are immediately secured, protected from withdrawal, and turned over to the estate.

40.    Public interest is served in recovering the Proceeds and transferring them to the bankruptcy estate in accordance with the Bankruptcy Code.

41.    There is no risk of harm to any party or non-party in the funds being secured and the Debtor and Defendant Peters being restrained from withdrawing the Proceeds.

7

4836085.1

42.    The Trustee states that notice of this adversary proceeding cannot be provided to the Debtor or Defendant Peters prior to the issuing of the temporary restraining order and seeks the relief prior to notice and a hearing.  More specifically, there is a great risk that upon learning of the Trustee's attempts to recover the funds, the Debtor and/or Defendant Peters will attempt to conceal the funds.  The Debtor has failed to schedule the Proceeds in her Statement of Financial Affairs despite testifying as to her awareness of the Proceeds at a continued 341 Meeting of Creditors, but not knowing the whereabouts of the Proceeds including, but not limited to, the financial institution the Proceeds were deposited.  Based on the foregoing, the Trustee seeks a temporary restraining order without notice to the Debtor and Defendant Peters.

**Injunction Against Varo Bank, Debtor, and Defendant Peters**

43.    The Trustee incorporates the factual allegations contained in the preceding paragraphs.

44.    After notice and a hearing, the Trustee seeks the temporary restraining order, which restrains the Debtor or Defendant Peters from withdrawing the funds and restrains Varo Bank from honoring any such request for withdraw, that the Bankruptcy Court enter a preliminary injunction requiring all Defendants to turn over the Proceeds to the Trustee to be held for the benefit of the bankruptcy estate.  Accordingly, upon entry of the temporary restraining order requested hereinabove and upon further proceedings and resolution of this matter, the Trustee requests that the injunctive relief requested herein be made permanent against the Defendants.

**Fraudulent Conveyance**

45.    The Trustee incorporates the allegations contained in the preceding paragraphs.

4836085.1

46.     The Debtor and/or Defendant Peters caused the Proceeds to be conveyed to a Varo Account.  The Debtor has failed to schedule the Proceeds and the Varo Account in her Petition or to otherwise notify the Trustee of their existence.

47.     The Debtor and/or Defendant Peters's caused the funds to be transferred to the Varo Account with the actual intent to hinder, delay or defraud the bankruptcy estate.

48.     The Debtor's and/or Defendant Peters's attempt to divert the funds from the bankruptcy estate by failing to turn them over, failing to notify the Trustee and the Bankruptcy Court of their existence and by transferring the funds to a jointly owned account constitute fraud and a fraudulent conveyance.

49.     To the extent the Proceeds have been diverted and cannot be recovered through the requested injunctive relief, the Trustee seeks a finding of a fraudulent transfer and a judgment against the Debtor and Defendant Peters for damages in the amount of the Proceeds, $24,145.36.

PREMISES CONSIDERED, the Trustee prays as follows:

A.   That proper process issue and be served on the Defendants, the Debtor, Defendant Peters and Varo Bank at the addresses listed in this Adversary Proceeding and pursuant to Fed. R. Bankr. P. 7004.

B.   That the Bankruptcy Court enter a Temporary Restraining Order against all Defendants pursuant to Fed. R. Civ. P. 65(b) prohibiting the withdrawal or release of the Proceeds until further order of the Bankruptcy Court.

C.   That after proper notice and a hearing that the Bankruptcy Court convert the Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) to a preliminary injunction pursuant to Fed. R. Civ. P. 65 for the funds to be turned over by Varo Bank to the Trustee for the benefit of the bankruptcy estate under 11 U.S.C. § 542.

D.    That upon resolution of this adversary proceeding and the declaring the funds are property of the bankruptcy estate that the preliminary injunction requested herein be made a permanent injunction and the funds be administered by the Trustee for the benefit of the bankruptcy estate.

E.    That the Trustee be awarded damages in the amount of $24,145.36 against the Debtor and Defendant Peters should the funds no longer be in the Varo Account pursuant to 11 U.S.C. § 548.

E.    That the Trustee be awarded any such other relief deemed appropriate by the Bankruptcy Court.

Respectfully submitted this 12th day of July, 2021.

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

M. Aaron Spencer, BPR # 029911
Lindy D. Harris, BPR #029198
Gregory C. Louge, BPR #012157

P.O. Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000
(865) 215-1001(fax)
aspencer@wmbac.com
lharris@wmbac.com
glogue@wmbac.com

*Attorneys for Chapter 7 Trustee, M. Aaron Spencer*

4836085.1

## STATEMENT REGARDING NOTICE

The Trustee hereby states that notice of this adversary proceeding cannot be provided to the Debtor or Defendant Peters prior to the issuing of the temporary restraining order and seeks the relief prior to notice and a hearing pursuant to Fed. R. Civ. P. 65(b).  Furthermore, due to the Debtor and Defendant Peters monitoring of the bankruptcy case docket via PACER that the temporary restraining order shall be entered prior to notice and hearing as to Defendant Varo Bank as well.  More specifically, there is a great risk that upon learning of the Trustee's attempts to recover the funds, the Debtor and/or Defendant Peters will attempt to conceal the funds.  The Debtor has failed to schedule the Proceeds in her Statement of Financial Affairs and testified at the 341 Meeting of Creditors she was unaware as to which financial institution the Proceed were transferred even though it appears she executed an EFT Form directing the funds to a joint account at Varo Bank.  Further, it appears that both the Debtor and Defendant Peters have immediate access to these funds since it appears both parties are on the Varo Account.  Based on the foregoing, the Trustee seeks a temporary restraining order without notice.

## VERIFICATION

I, M. Aaron Spencer, Chapter 7 Trustee, after being duly sworn in accordance with the law, make oath that the foregoing facts alleged in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

**M. AARON SPENCER, Chapter 7 Trustee**

STATE OF TENNESSEE    )
COUNTY OF _Knox_    )

Sworn to and subscribed before me this _12th_ day of _July_____, 2021.

_JoAnne Murphy_
**NOTARY PUBLIC**

JO ANNE MURPHY
STATE
OF
TENNESSEE
NOTARY
PUBLIC
KNOX COUNTY

My Commission Expires: _July 26, 2023_

11

4836085.1